1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES L. BOBO,

                         Plaintiff,

        v.

COUNTY OF FRESNO DEPENDENCY
COURT,

                         Defendant.

Case No. C13-783-JCC

REPORT AND RECOMMENDATION

14  Plaintiff Charles L. Bobo has filed an application for leave to proceed *in forma pauperis*

15  ("IFP"), Dkt. 1, along with a proposed civil complaint alleging that defendant County of Fresno

16  Dependency Court improperly conducted a juvenile dependency proceeding involving his

17  daughter.  Dkt. 1-1 at 2-3.  Plaintiff asks the Court to grant him custody of his daughter.  *Id.* at 5.

18  As a threshold matter, the Court notes that Mr. Bobo has previously filed several

19  complaints nearly identical to this one.  *See e.g., Bobo v. County of Fresno Dependency Court*,

20  Case No. C09-320-RSL; *Bobo v. County of Fresno Dependency Court*, Case No. C11-831-TSZ-

21  BAT.  In C09-320-RSL, the Honorable Robert S. Lasnik dismissed plaintiff's complaint

22  pursuant to the domestic relations exception to federal diversity jurisdiction.  Specifically, Judge

23  Lasnik quoted the Ninth Circuit's statement that

REPORT AND RECOMMENDATION - 1

"[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930) (quoting *In re Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53, 34 L.Ed. 500 (1890)). In keeping with this principle, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.1968); *see also Csibi v. Fustos*, 670 F.2d 134, 137-38 (9th Cir.1982).

*Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

In C11-831-RSZ-BAT, the Honorable Brian A. Tsuchida found that Mr. Bobo's complaint suffered from the same defect, and therefore failed to state a claim on which relief can be granted. Judge Tsuchida then dismissed the case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

Here, the plaintiff is once again asking this Court to interfere with a state court's custody determination. Specifically, he states, "I want the court granted (sic) me custody and 20,000,000 million dollars." Dkt. 1-1 at 4. For the same reasons that Judge Lasnik and Judge Tsuchida previously dismissed plaintiff's complaints, the Court should decline to exercise jurisdiction over this case.

The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, plaintiff would have to abandon his claim, and allege an entirely new cause of action in order to proceed with this case. As a result, the undersigned recommends against granting plaintiff leave to amend because it is clear that he cannot cure his pleading defects.

Because the proposed complaint, Dkt. 1-1, fails to state a claim on which relief can be granted, the Court recommends that this case be DISMISSED with prejudice under 28 U.S.C.

REPORT AND RECOMMENDATION - 2

§ 1915(e)(2)(B).  In light of this dismissal, the Court recommends DENYING plaintiff's IFP

application, Dkt. 1, as MOOT.  A proposed order accompanies this Report and

Recommendation.

DATED this 9th day of May, 2013.

_James P. Donohue_

_____

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3